Davison *et al. vs.* Broach, trustee.

Where a due bill was given to a trustee containing the words "due and to be adjusted in settlement, the same to be made as early as practicable," and it was agreed that a counter account held by the maker should be submitted to the *cestui que trust*, that she might strike incorrect items, and a settlement should be had on that basis; if the maker failed to present the account within a reasonable time, the holder could recover on the due bill.

Promissory notes.  Actions.  Before Judge Bartlett. Greene Superior Court.  March Term, 1878.

To the report contained in the opinion, it is only necessary to add the following : Broach, trustee, sued Davison *et al.* on the due bill described in the decision.  The defendants' plea and evidence were to the following effect : Davison, the principal debtor, was in partnership with one McWhorter; he sold out to the latter; afterwards Broach, trustee, brought ejectment against McWhorter.  Being responsible on his warranty, he agreed to share the expenses of the case with McWhorter.  It was referred to arbitration; the arbitrators awarded the land to McWhorter on payment of $600.00 within twenty days.  Within that time $400.00 were paid in cash.  It was agreed that some accounts which Davison held against the trustee and his *cestui*

*que trust* should be allowed as cash. Davison therefore gave the due bill with the understanding that it was to be settled in that way, and not in money. This $200.00 completed the $600.00, and McWhorter was given a receipt. The accounts stood in the name of the husband of the *cestui que trust*, but most of the articles were furnished for the use of herself and children; the accounts are correct. They amount to more than $200.00. Davison has tried to get Broach to settle with him, but has been unable to do so.

Plaintiff's evidence was to the effect that the accounts claimed to be due to Davison were, by agreement, to be submitted to the *cestui que trust*, (Mrs. Whitlaw,) that she was to strike all erroneous items and allow the balance, which was to be credited on the due bill; and that the accounts had never been so presented.

E. C. KINNEBREW, for plaintiffs in error, cited Code, §2774; 24 *Ga.*, 287; 5 *Ib.*, 163.

JOHN C. REED, for defendant, cited 17 *Ga.*, 290; 20 *Ga.*, 479.

WARNER, Chief Justice.

The plaintiff sued the defendants on the following instrument:

"Due W. H. Broach, trustee of Mrs. Ann Whitlaw and children, two hundred dollars, and due and to be adjusted in settlement, the same to be made as early as practicable. October 28th, 1875.
        [Signed]                    JAS. DAVISON.
                                JOE DAVISON, Security."

On the trial of the case, the jury, under the charge of the court, found a verdict for the plaintiff. A motion for a new trial was made on the grounds therein stated, which was overruled, and the defendants excepted.

The court charged the jury "that if they believed from the evidence that there was an agreement between the defendants and Broach that the accounts should be submitted to Mrs. Whitlaw for her to strike such articles as were not

for the benefit of the family, and they were not submitted, plaintiff should recover." In view of the facts of this case, the charge of the court was error. The charge should have been, that if the accounts were not presented to Mrs. Whitlaw for her to strike therefrom such articles as were not for the benefit of the family, within a reasonable time after the execution of the instrument sued on, then the plaintiff would be entitled to recover. The view which we have taken of this case renders it unnecessary to express any opinion in relation to the overruling of the defendants' motion for a nonsuit.

Let the judgment of the court below be reversed.